O’Neall, J.
dissenting. In this case, I am constrained to differ from the majority of the court. Their view, it seems to me, is directly at war with the cases of the Treasurers vs. Bates, 2 Bail. 380; and the Treasurers vs. Burch, 2 Hill, 519.
Both maintain that a recovery against a sheriff as such, is prima facie evidence to charge the securities.
The recovery against Temples, was as constable. It cast upon the defendant, his security, the burden of shewing that that recovery was not for an official default.
On looking into it, it sets out that it was money collected by the defendant, on notes, as constable, for Howard, the plaintiff. Is the legal intendment from that statement on the record, that the money was collected unofficially ? Surely not. It is to be understood, after judgment, that upon notes belonging to Howard, and placed in Temples’s hands, as constable, for collection, summonses had been issued, magistrate’s judgments had been obtained, and the money collected officially; for that satisfies the obligation of the record. Any thing short of this, will place the official character wholly beyond the effect of the recovery.
Richardson, J. concurred in the dissenting opinion.